UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TRAVIS EARL POST,

    Plaintiff,

    v.                          CAUSE NO. 3:21-CV-435-RLM-MGG

RON NEAL, et al.,

    Defendants.

OPINION AND ORDER

Travis Earl Post, a prisoner without a lawyer, filed a complaint. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Post's complaint details several encounters he had with Correctional Officer Mathew Anderson on April 8, 2021, that he says constituted excessive force. First, he says that in response for asking when his range would get their showers, Officer Anderson entered his cell and pushed his face into his bed, stating, "You ain't been here long so we're not going to beat your ass like we should but just know we run this motherfucker." ECF 1 at 4. A little while later, Officer Anderson returned

with his OC spray deployed, telling Mr. Post to cuff up. *Id.* Mr. Post said he wouldn't cuff up for Officer Anderson because he had just assaulted him, but he would cuff up for Officer Gilyard, another officer who was present. *Id.* Officer Anderson began to spray him with OC until he cuffed up. *Id.* Then Officer Anderson clamped the handcuffs down until they almost broke the skin. *Id.*

After the application of OC spray, Mr. Post was taken to medical for a shower to decontaminate. ECF 1 at 4. While he was in the shower, choking and gasping for breath, Officer Anderson asked for his name. *Id.* at 5. When Mr. Post did nt answer right away, Officer Anderson yanked him from the shower, threw him against the wall, and wrapped his hands around his neck to strangle him. *Id.* Mr. Post started losing consciousness and fell to his knees. *Id.* Officer Anderson then grabbed his cuffed hands, yanked them above his head, and escorted him to a holding cell. *Id.* At the holding cell, Officer Anderson sprayed him with OC again, even though Mr. Post was on the ground, curled up in a ball. *Id.* As Officer Anderson was leaving the cell, he sprayed Mr. Post again for no reason. *Id.*

The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." Hendrickson v. Cooper, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* "[T]he question whether the measure taken inflicted unnecessary and wanton pain

2

and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Whitley v. Albers, 475 U.S. 312, 320-321 (1986) (quotation marks and citation omitted). Mr. Post has plausibly alleged a course of excessive force when Officer Anderson (1) pushed his face into his bed for no reason; (2) sprayed him with OC even though he agreed to cuff up for Officer Gilyard and then tightened the handcuffs excessively; (3) struck him in the face and ribs on the way to medical while handcuffed; (4) strangled him in the shower and yanked his cuffed hands above his head; and (5) sprayed him with OC while he was curled up in a ball and then again for no reason while leaving the cell.

Mr. Post has also stated a claim for failure to intervene against Officer Gregory Cook. "[O]fficers who have a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's right through the use of excessive force but fail to do so" may be held liable. Miller v. Smith, 220 F.3d 491, 495 (7th Cir. 2000) (citing *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994). To prevail on such a claim, a plaintiff must establish that "the defendant[] had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." Santiago v. Walls, 599 F.3d 749, 756 (7th Cir. 2010) (citation omitted). Mr. Post alleges that Officer Cook opened the cell door and watched while Officer Anderson pushed his face into his bed. ECF 1 at 3. Mr. Post alleges that Officer Cook was present when Officer Anderson sprayed him with OC the first time and didn't intervene. *Id.* at 4.

Mr. Post also alleges that Officer Anderson and Officer Bret Lain forced him to return to his cell without it having been cleaned from the earlier use of the OC spray. ECF 1 at 6. He says that Officer Lain told him they were on lockdown, so no one was able to clean the cell. *Id.* Officer Lain and Officer Anderson refused to move him to a different cell, leaving him to choke on the fumes from the OC spray. *Id.*

In evaluating an Eighth Amendment conditions of confinement claim, the court conducts both an objective and a subjective inquiry. Farmer v. Brennan, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" so that "a prison official's act results in the denial of the minimal civilized measure of life's necessities." *Id.* Inmates are entitled to be provided with adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. Knight v. Wiseman, 590 F.3d 458, 463 (7th Cir. 2009); Gillis v. Litscher, 468 F.3d 488, 493 (7th Cir. 2006). "[T]he Constitution does not mandate comfortable prisons," Rhodes v. Chapman, 452 U.S. 337, 349 (1981), and inmates cannot expect the "amenities, conveniences, and services of a good hotel." Harris v. Fleming, 839 F.2d 1232, 1235 (7th Cir. 1988); *see also* Rice ex rel. Rice v. Corr. Med. Servs., 675 F.3d 650 (7th Cir. 2012) ("Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment's prohibition against cruel and unusual punishment."). Giving Mr. Post the favorable inferences to which he is entitled at this stage, he states a plausible Eighth Amendment conditions of confinement claim against Officer Anderson and Officer Lain for making him stay in a cell still contaminated with OC spray.

4

Mr. Post sues Lieutenant Anthony Neal, alleging that he tried to report Officer Anderson's actions to him, but Lieutenant Neal refused to hear the complaint. This doesn't state a claim on which relief can be granted. While prisons have a duty to protect inmates in their care, the Constitution doesn't require officials to investigate or otherwise correct wrongdoing after it has happened. *See* Daniel v. Cook Cnty., 833 F.3d 728, 736 (7th Cir. 2016) (no constitutional right to a grievance process); Owens v. Hinsley, 635 F.3d 950, 953-54 (7th Cir. 2011) ("[T]he alleged mishandling of [prisoner's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim."). Similarly, Lieutenant Neal can't be held liable for allegedly threatening to harm Mr. Post. Mere threats don't constitute an Eighth Amendment violation. *See* DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000), *abrogated in part on other grounds by* Savory v. Cannon, 947 F.3d 409 (7th Cir. 2020) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws."). Lieutenant Neal must be dismissed.

Nor does Mr. Post state a claim based on the property he says he lost. Mr. Post alleges that Officer Anderson and Officer Cook took his property from his cell, falsely telling him it was because he was on strip cell status. ECF 1 at 4, 6. All of his property except for his legal work, a cup, and a bowl went missing, and Mr. Post says that Officer Cook threw it away. *Id.* at 7. The Fourteenth Amendment's due process clause provides that the states shall not "deprive any person of life, liberty, or property, without due process of law." But Mr. Post alleges that Officer Cook threw his property

5

away in violation of policy, not pursuant to it. Additional procedures wouldn't have prevented the loss here. And so the process the Constitution requires here is an adequate postdeprivation remedy for the loss, which Indiana provides. Parratt v. Taylor, 451 U.S. 527 (1981); *Hudson v. Palmer*, 468 U.S. 517 (1984). The Indiana tort claims act provides a sufficient remedy for loss of personal property. *See* Wynn v. Southward, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate postdeprivation remedy in the Indiana Tort Claims Act, and no more process was due."). Mr. Post can't sue in federal court for the property loss.

Finally, Mr. Post sues Warden Ron Neal, but it appears he is trying to hold Warden Neal liable because of his supervisory position at the prison. Liability under 42 U.S.C. § 1983 is based on personal responsibility, and Warden Neal can't be held liable for the misdeeds of other prison staff simply because of his supervisory role. Mitchell v. Kallas, 895 F.3d 492, 498 (7th Cir. 2018); Burks v. Raemisch, 555 F.3d 592, 596 (7th Cir. 2009). Supervisory prison staff can be held liable for deliberate indifference only when they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." Doe v. Purdue Univ., 928 F.3d 652, 664 (7th Cir. 2019). There is no plausible basis in the complaint to infer that Warden Neal was subjectively aware of the problems facing Mr. Post, that he condoned the actions, facilitated them, or turned a blind eye to the risk this would happen. Warden Neal must also be dismissed.

For these reasons, the court:

(1) GRANTS Travis Earl Post leave to proceed against Officer Mathew Anderson in his individual capacity for compensatory and punitive damages for using excessive force on April 8, 2021, by (a) pushing Mr. Post's face into his bed for no reason; (b) spraying him with OC even though he agreed to cuff up for Officer Gilyard and then tightening the handcuffs excessively; (c) striking him in the face and ribs on the way to medical while handcuffed; (d) strangling him in the shower and yanking his cuffed hands above his head; and (e) spraying him with OC while he was curled up in a ball and then again for no reason while leaving the cell in violation of the Eighth Amendment;

(2) GRANTS Travis Earl Post leave to proceed against Officer Gregory Cook in his individual capacity for compensatory and punitive damages for failing to intervene in the alleged use of excessive force on April 8, 2019, when he (a) opened the cell door and watched while Officer Anderson pushed Mr. Post's face into his bed and (b) watched Officer Anderson spray Mr. Post with OC the first time even though he agreed to cuff up for Officer Gilyard in violation of the Eighth Amendment;

(3) GRANTS Travis Earl Post leave to proceed against Officer Mathew Anderson and Officer Bret Lain in their individual capacities for forcing him to remain in a cell contaminated by OC spray on April 8, 2021, in violation of the Eighth Amendment;

(4) DISMISSES all other claims;

(5) DISMISSES Warden Ron Neal and Lieutenant Anthony Neal;

(6) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Officer Mathew Anderson, Officer Gregory Cook, and Officer Bret Lain at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(7) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(8) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Officer Mathew Anderson, Officer Gregory Cook, and Officer Bret Lain to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on September 22, 2021

                                               s/ Robert L. Miller, Jr.
                                               JUDGE
                                               UNITED STATES DISTRICT COURT