UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TRAVIS EARL POST, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:21-CV-435-RLM-MGG |
| MATHEW ANDERSON, et al., | |
| Defendants. | |

OPINION AND ORDER

Travis Earl Post, a prisoner without a lawyer, filed a motion asking to file an amended complaint. ECF 16. "Leave to amend is to be 'freely given when justice so requires'" Liu v. T&H Machine, 191 F.3d 790, 794 (7th Cir. 1999) *quoting* Federal Rule of Civil Procedure 15(a). Because justice so requires in this case, the motion will be granted and the proposed complaint will be separately docketed. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

The facts of Mr. Post's amended complaint are the same as those in his prior complaint, except that he adds that Officer Sarah Boylan was also present and didn't

intervene in several of the alleged uses of excessive force in the complaint.[1] ECF 16 at ¶¶ 3, 4, 6, 7, 15. Mr. Post also changes the legal theories, but not the facts, against the previously dismissed defendants. *Id.* at ¶¶ 10-14. A new analysis on the same facts is unnecessary. Because the complaint is largely unchanged, this order won't discuss the claims already identified, though all the claims on which he is granted leave to proceed (both old and new) will be included in the order lines at the end. For a full discussion of the claims raised in the unchanged portions of the complaint, see the earlier screening order at ECF 8.

The amended complaint alleges that Officer Boylan was present and didn't intervene when Officer Mathew Anderson sprayed Mr. Post with OC the first time. ECF 16 at ¶ 3. The amended complaint also alleges that Officer Boylan was present and didn't intervene while Officer Anderson struck Mr. Post in the face and ribs multiple times while escorting him down the stairs to medical. *Id.* at ¶ 4. Finally, the amended complaint alleges that Officer Boylan was present and didn't intervene when Officer Anderson yanked him from the shower, threw him against the wall, and started to strangle him. *Id.* at ¶¶ 4, 15. The new claims for failure to intervene against Officer Boylan will be allowed for the reasons that were fully explained in the prior screening order. *See* ECF 8.

This order adds one new defendant for a total of four defendants in this lawsuit. The prior three defendants have already entered an appearance. Service of the second

---

[1] The amended complaint also clarifies that Officer Boylan, not Officer Gilyard, was present when Officer Anderson asked him to cuff up. *Compare* ECF 1 at ¶ 3 *with* ECF 16 at ¶ 3. That change will be noted in the order lines but does not otherwise affect the analysis.

amended complaint on their attorneys is permitted by Federal Rule of Civil Procedure 5(a)(1)(B) and 5(b)(1). The claims against those three defendants are unchanged, so they don't need to file answers to the amended complaint. On the other hand, the new defendant will be served by the United States Marshals Service unless she waives service. The new defendant must also respond to the amended complaint.

The first three defendants asserted the affirmative defense of failure to exhaust administrative remedies. ECF 14. Their summary judgment motion on that defense is due January 7, 2022. ECF 15. Nothing in this order alters that briefing schedule. Because the claims against the new defendant arise from the same events as the prior three defendants, the exhaustion question appears to be the same. Officer Boylan may join the summary judgment motion after she has been made a part of this lawsuit if she, too, contends that Mr. Post did not exhaust his administrative remedies regarding the claims against her.

For these reasons, the court:

(1) GRANTS the motion to file an amended complaint (ECF 16);

(2) DIRECTS the clerk to separately docket the motion (ECF 16) as an amended complaint and attach Exhibit 16 (ECF 17) as an exhibit to the amended complaint;

(3) GRANTS Travis Earl Post leave to proceed against Officer Mathew Anderson in his individual capacity for compensatory and punitive damages for using excessive force on April 8, 2021, by (a) pushing Mr. Post's face into his bed for no reason; (b) spraying him with OC even though he agreed to cuff up for Officer Boylan

and then tightening the handcuffs excessively; (c) striking him in the face and ribs on the way to medical while handcuffed; (d) strangling him in the shower and yanking his cuffed hands above his head; and (e) spraying him with OC while he was curled up in a ball and then again for no reason while leaving the cell in violation of the Eighth Amendment;

(4) GRANTS Travis Earl Post leave to proceed against Officer Gregory Cook in his individual capacity for compensatory and punitive damages for failing to intervene in the alleged use of excessive force on April 8, 2019, when he (a) opened the cell door and watched while Officer Anderson pushed Mr. Post's face into his bed and (b) watched Officer Anderson spray Mr. Post with OC the first time even though he agreed to cuff up for Officer Boylan in violation of the Eighth Amendment;

(5) GRANTS Travis Earl Post leave to proceed against Officer Mathew Anderson and Officer Bret Lain in their individual capacities for forcing him to remain in a cell contaminated by OC spray on April 8, 2021, in violation of the Eighth Amendment;

(6) GRANTS Travis Earl Post leave to proceed against Officer Sarah Boylan in her individual capacity for compensatory and punitive damages for failing to intervene in the alleged use of excessive force on April 8, 2019, when (a) Officer Anderson sprayed him with OC the first time even though he agreed to cuff up, (b) Officer Anderson struck him in the face and ribs multiple times while escorting him down the stairs to medical, and (c) Officer Anderson yanked him from the shower,

threw him against the wall, and started to strangle him in violation of the Eighth Amendment;

(7) DISMISSES all other claims;

(8) DISMISSES Ron Neal and Anthony Neal;

(9) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Sarah Boylan at the Indiana Department of Correction, with a copy of this order, the earlier screening order (ECF 8), and the amended complaint (ECF 16), under 28 U.S.C. § 1915(d);

(10) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(11) ORDERS, under 42 U.S.C. § 1997e(g)(2), Sarah Boylan to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on December 15, 2021

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT