UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TRAVIS EARL POST,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>MATHEW ANDERSON, et al.,<br><br>　　　　Defendants. | CAUSE NO. 3:21-CV-435-RLM-MGG |

OPINION AND ORDER

Travis Earl Post, a prisoner without a lawyer, is proceeding in this case against Officer Mathew Anderson for several alleged acts of excessive force that occurred on April 8, 2021; against Officer Gregory Cook for failing to intervene in some of those alleged acts of excessive force; and against Officer Anderson and Officer Bret Lain for forcing him to remain in a cell contaminated by OC spray later that day. He later moved to amend his complaint to add a failure to intervene claim against Officer Sarah Boylan. The court dismissed Warden Ron Neal and Lt. Anthony Neal because the complaint didn't allege either personally participated in the alleged constitutional violations and because the verbal threats Lt. Neal allegedly made didn't rise to the level of a constitutional violation. ECF 8 at 5-6. Now, Mr. Post has filed two objections to the screening order, which the court construes as motions to reconsider the screening order. ECF 33, 34. He contends the court should have allowed the claims to proceed against Warden Neal and Lt. Neal.

Mr. Post argues that Warden Neal should be held liable because he didn't discipline the officers after he learned about the events that occurred, and so turned a blind eye to the violations. The warden's actions (or inactions) after the alleged constitutional violations don't establish the personal involvement necessary for liability under 42 U.S.C. § 1983. *See* Burks v. Raemisch, 555 F.3d 592, 595 (7th Cir. 2009). The requirement for personal involvement ensures that "supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." Horshaw v. Casper, 910 F.3d 1027, 1029 (7th Cir. 2018). The allegations must allow a reasonable inference that the warden "knew about or was personally involved in the specific conduct." Gill v. City of Milwaukee, 850 F.3d 335, 344 (7th Cir. 2017). The warden's after-the-fact actions don't provide a basis to hold him responsible for his subordinate's alleged constitutional violations.

Mr. Post argues that Lt. Neal he should be held liable for failing to intervene in the alleged constitutional violations. This is an attempt to hold Lt. Neal liable for another's actions, rather than his own. Mr. Post first contends that Lt. Neal was aware that his cell was contaminated with OC but didn't take any steps to ensure that he was placed in a clean cell. Mr. Post was taken to the shower after Lt. Neal saw the contaminated cell. Lt. Neal wasn't present for the shower or when Mr. Post was escorted back to his cell afterwards. *See* ECF 20 at ¶ 7. Lt. Neal can't be held liable for failing to ensure that other officers returned Mr. Post to a clean cell. "'[N]o prisoner is entitled to insist that one employee do another's job,' and the division of

2

labor is critical to the efficient functioning of the organization." Aguilar v. Gaston-Camara, 861 F.3d 626, 633 (7th Cir. 2017) (quoting Burks v. Raemisch, 555 F.3d 592, 595 (7th Cir. 2009)).

> The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under § 1983 for not being ombudsmen.

*Id.* at 595. Second, Mr. Post contends that Lt. Neal should have intervened when Officer Cook allegedly stole his property. In addition to the same concerns about personal involvement, the court already determined that the property loss didn't state a federal claim because the Indiana tort claims act provides a constitutionally sufficient remedy for loss of personal property. *See* Wynn v. Southward, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate postdeprivation remedy in the Indiana Tort Claims Act, and no more process was due."). ECF 8 at 5-6. So even if Lt. Neal were personally involved in the property loss, these allegations don't state a federal claim upon which relief could be granted.

For these reasons, the court DENIES any relief requested in plaintiff's objections (ECF 33, 34).

SO ORDERED on January 19, 2022

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT