UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TRAVIS EARL POST,

    Plaintiff,

    v.       CAUSE NO. 3:21-CV-435-RLM-MGG

MATHEW ANDERSON, et al.,

    Defendants.

OPINION AND ORDER

Travis Earl Post, a prisoner without a lawyer, is proceeding in this case against Correctional Officers Mathew Anderson, Gregory Cook, Bret Lain, and Sarah Boylan for violating his Eighth Amendment rights on April 8, 2021, by using excessive force against him, failing to intervene during the use of excessive force, and leaving him in a cell with fumes from OC spray. The defendants filed a motion for summary judgment, arguing that Mr. Post didn't exhaust his administrative remedies before filing suit. With the motion, the defendants provided Mr. Post the notice required by N.D. Ind. L.R. 56-1(f) and attached to the notice a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Under Local Rule 56-1(b)(1), "[a] party opposing [a summary judgment] motion must, within 28 days after the movant serves the motion, file and serve (A) a response brief; and (B) any materials that the party contends raise a genuine dispute."[1] The

---

[1] Local Rule 56-1 was amended on February 25, 2022. The earlier version of Local Rule 56-1 applies because the defendants' summary judgment motion was filed before that date,

court extended Mr. Post's deadline to respond until May 9, 2022; two months later, Mr. Post hasn't responded. The defendants' summary judgment motion is ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Heft v. Moore, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion can't simply rely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." Goodman v. Nat'l Sec. Agency, Inc., 621 F.3d 651, 654 (7th Cir. 2010).

The defendants provide Mr. Post's grievance records and an affidavit from the prison's Grievance Specialist, which demonstrate the following.[2] On April 13, 2021, Mr. Post submitted Grievance 126779, complaining of the defendants' alleged April 8 conduct. The grievance office denied Grievance 126779 on the merits on July 12. Mr. Post didn't appeal the denial of Grievance 126779. Mr. Post submitted two later

---

[2] Because Mr. Post hasn't responded to the defendants' summary judgment motion, the court accepts this evidence as undisputed. See Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

2

grievances also complaining of the defendants' April 8 conduct, both of which the grievance office rejected as duplicative of Grievance 126779.

Prisoners can't bring an action in federal court about prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted *must* be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." King v. McCarty, 781 F.3d 889, 893 (7th Cir. 2015). Courts take a "strict compliance approach to exhaustion." Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002).

The defendants have provided undisputed evidence Mr. Post didn't exhaust his administrative remedies before filing this lawsuit. The undisputed evidence shows Mr. Post complained of the defendants' April 8 conduct in Grievance 126779 but didn't appeal the denial of that grievance, as is necessary to show exhaustion. *See* ECF 25-2 at 3 (the Offender Grievance Process requires offenders to complete three steps before filing a lawsuit: (1) a formal attempt at resolution; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager). Mr. Post submitted two more grievances about the defendants' April 8 conduct, but the

3

grievance office properly rejected these grievances as duplicative of Grievance 126779. Mr. Post provides no evidence he submitted any other relevant grievance or the grievance process was unavailable to him. The defendants have met their burden to show Mr. Post had available administrative remedies that he didn't exhaust before filing this lawsuit. Summary judgment must be granted in their favor.

For these reasons, the court:

(1) GRANTS the defendants' summary judgment motion (ECF 25); and

(2) DIRECTS the clerk to enter judgment in favor of the defendants and against Travis Earl Post and to close this case.

SO ORDERED on July 25, 2022

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT